IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ADRIAN STOREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-CV-625-WKW |
| | ) | [WO] |
| JAMES HARDIE BUILDING INDUSTRIES, P.L.C., *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

In his Amended Complaint (Doc. # 37), Plaintiff Adrian Storey alleges Defendants racially discriminated against him in violation of 42 U.S.C. § 1981.[1] Defendants Pete Herringer and James Hardie Building Products, Inc. (JHBP) filed answers. (Doc. # 38; Doc. # 39.) However, two other business-entity Defendants bearing the name "James Hardie" did not file answers—rather, they assert that this court lacks personal jurisdiction over them. Now pending before the court is a motion to dismiss for lack of personal jurisdiction filed by Defendant James Hardie Industries, P.L.C. (JHIplc) (Doc. # 15), and a similar motion to dismiss for lack of personal jurisdiction filed by Defendant James Hardie North America, Inc. (JHNA) (Doc. # 16). Both motions are filed under Federal Rule of Civil Procedure 12(b)(2).

---

[1] The Amended Complaint also brings state-law tort claims for assault and negligent/wanton hiring, training, supervision, and retention. (Doc. # 37 at 18–20.)

After the motions were filed, Plaintiff filed a motion for jurisdictional discovery, which was granted. (Doc. # 36.) Jurisdictional discovery was conducted, the parties filed supplemental briefs based on that discovery (Docs. # 45, 47, 48), and the dispute over personal jurisdiction is ripe for resolution. For the following reasons, the court lacks personal jurisdiction over Defendants JHIplc and JHNA. Those Defendants will be dismissed. However, Storey's case proceeds against JHBP and Pete Herringer.

## I. JURISDICTION AND VENUE

Subject-matter jurisdiction is proper under 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367. The parties do not contest venue, but they do contest personal jurisdiction in the pending motions.

## II. STANDARD OF REVIEW

The standard for dismissal for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) is as follows.

Whether there is personal jurisdiction over a defendant is a question of law. *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257 (11th Cir. 2010). The plaintiff has the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of personal jurisdiction over a nonresident defendant. *Id.* (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). The plaintiff establishes a prima facie case by presenting enough evidence to withstand a motion for directed verdict. *Meier ex rel. Meier v. Sun Int'l*

*Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002) (citing *Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir. 1990)); *see also Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1317 (11th Cir. 2006).

When the defendant challenges personal jurisdiction by submitting affidavit evidence, the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction. *United Techs. Corp.*, 556 F.3d at 1274 (citing *Meier*, 288 F.3d at 1269). In other words, the plaintiff cannot respond merely by relying on the jurisdictional allegations in its complaint but must substantiate those allegations by affidavit or other component proof. *See Diamond Crystal Brands*, 593 F.3d at 1257 (citing *Polskie Linie Oceaniczne v. Seasafe Transp. A/S*, 795 F.2d 968, 972 (11th Cir. 1986)).

When the plaintiff's complaint and supporting evidence conflict with the defendant's evidence, the court must construe all reasonable inferences in favor of the plaintiff. *Id.* (citing *Meier*, 288 F.3d at 1269). Where, as here, evidence has been submitted following jurisdictional discovery, the court considers the purely legal question of whether there is enough evidence, when viewed in the light most favorable to the plaintiff, to withstand a motion for judgment as a matter of law; "the district court does not weigh evidence or make credibility determinations." *AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1364–65 (11th Cir. 2021).

## III. BACKGROUND

The pertinent jurisdictional facts are about numerous entities that have "James Hardie" in their names. Three of these "James Hardie" entities are Defendants. One of the Defendants is James Hardie Building Products, Inc (JHBP), which has a plant in Prattville, Alabama. JHBP employed Plaintiff Adrian Storey at that Alabama-based plant and it terminated Storey. Storey alleges that termination was wrongful, among other allegations of discrimination. (Doc. # 37 at 5–13.) JHBP does not contest this court's personal jurisdiction over it.

Two of the other Defendants are James Hardie Industries, P.L.C. (JHIplc) and James Hardie North America, Inc. (JHNA). Both contest personal jurisdiction. The organization of these "James Hardie" entities, which involves multiple layers of holding companies, subsidiaries, and parent companies, are as follows.

Defendant JHIplc, an Irish company, owns 100% of the ordinary shares of non-party James Hardie International Group Limited (JHIGL), an Irish private limited company. (Doc. # 46-1 at 4.) JHIGL owns 100% of the ordinary "B" shares of non-party James Hardie Holdings Limited (JHHL), an Irish private limited company. JHHL, in turn, owns 100% of the common shares of Defendant JHNA, a Delaware corporation. Finally, JHNA owns 100% of the common voting stock of Defendant JHBP, which operates the Alabama-based plant that employed and terminated Plaintiff Storey. (Doc. # 46-1 at 4.) Essentially, Defendant JHNA owns

100% of Defendant JHBP, and Defendant JHIplc owns 100% of JHNA, meaning, JHIplc functionally owns 100% of JHBP.

## IV. DISCUSSION

The sole issue before the court is whether it has personal jurisdiction over Defendants JHIplc and JHNA,[2] the entities which allegedly control Defendant JHBP (an entity over which the court clearly has personal jurisdiction). Put differently, this case deals with when personal jurisdiction over a subsidiary can be imputed to a parent company.

Personal jurisdiction generally entails a two-step inquiry. *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007). First, a federal court must have personal jurisdiction as authorized by the law of the state in which it sits, here, Alabama. *Meier*, 288 F.3d at 1269. And second, it must have personal jurisdiction to the extent allowed under the Due Process Clause of the Fourteenth Amendment. In this case, the two inquiries merge, because Alabama's long-arm statute permits the exercise of personal jurisdiction to the fullest extent constitutionally permissible. *See* Ala. R. Civ. P. 4.2(b); *Sieber v. Campbell,* 810 So.2d 641, 644 (Ala. 2001). Thus, the court only analyzes whether the exercise of personal jurisdiction satisfies

[2] The case stylization and Defendants refer to Defendant "James Hardie Building Industries, P.L.C." or "JHIplc." Plaintiff Storey refers to this Defendant as "James Hardie Industries" or "JHI." It is unclear why there is a difference, but the court adopts the name in the case stylization and refers to what plaintiff coins "JHI" as "JHIplc."

the requirements of due process. *Olivier v. Merritt Dredging Co.*, 979 F.2d 827, 830 (11th Cir. 1992).

The due process requirements of the Fourteenth Amendment require that a non-resident defendant (1) have "certain minimum contacts" with the forum so that (2) the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." *Meier*, 288 F.3d at 1274 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "This two-part test embodies the controlling due process principle that a defendant must have 'fair warning' that a particular activity may subject it to the jurisdiction of a foreign sovereign." *Vermeulen v. Renault, U.S.A., Inc.,* 985 F.2d 1534, 1545 (11th Cir. 1993).

Two types of minimum contacts can form the basis for personal jurisdiction: general and specific. *See Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino,* 447 F.3d 1357, 1360 n. 3 (11th Cir. 2006). General jurisdiction may arise from a party's contacts with the forum State that are unrelated to the litigation. *Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 414 n. 8–9 (1984). To establish general personal jurisdiction, the defendant's activities in the State must have been sufficiently "continuous and systematic" so as to render it "essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). In contrast, "[s]pecific jurisdiction arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint." *Consol. Dev. Corp. v. Sherritt, Inc.,* 216 F.3d 1286, 1291 (11th Cir. 2000); *see also*

*Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472–75 (1985). Under either form of contact, each defendant's contacts with the forum State must be assessed individually. But here, Storey only alleges specific personal jurisdiction; he "does not allege general jurisdiction."[3] (Doc. # 45 at 3, n.6.)

Because specific jurisdiction arises out of a party's activities in the forum that are *related* to the cause of action, the due process requirements are less "stringent than for [general] personal jurisdiction." *Consol. Dev. Corp.*, 216 F.3d at 1292. In a case involving specific jurisdiction, a defendant's contacts with the forum state must satisfy three criteria: they "must be related to the plaintiff's cause of action or have given rise to it;" they must involve "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum;" and they "must be such that the defendant should reasonably anticipate being haled into court there." *Sloss*, 488 F.3d at 925. Here, it is undisputed that the court has specific and general jurisdiction over JHBP. JHBP has an Alabama-based plant that employed plaintiff in Prattville, Alabama. (Doc. # 39 at ¶19–21.) JHBP allegedly wrongfully terminated plaintiff. That is sufficient contact with this jurisdiction for

[3] Notably, plaintiffs are not the masters of whether they assert general or specific jurisdiction. A plaintiff may argue for specific jurisdiction, but if the facts do not bear out that the defendants' activities in the forum state are related to the specific cause of action brought by plaintiff, then general personal jurisdiction is the appropriate analytical anchor. *See Consol. Dev. Corp.*, 216 F.3d at 1292. In any event, both specific and general jurisdiction clearly exist here as to JHBP.

both specific and general personal jurisdiction and Defendant JHBP does not assert that it is not; rather, JHBP filed an answer.

The Defendants that have moved under Rule 12(b)(2)—that is, JHIplc and JHNA—are a different matter. Neither of these entities, on their own, conduct business in Alabama. They do not have plants in Alabama or any employees that reside in Alabama. They do not send product to Alabama. Absent JHBP and using a typical jurisdictional analysis, specific or general, there would not be jurisdiction over these entities based on their activities alone. But that is not the theory Storey asserts. Rather, Storey asserts that the specific jurisdiction the court has over JHBP (which operates a plant in Alabama and terminated Storey) can be *imputed* to JHIplc and JHNA. *Meier*, 288 F.3d at 1274 (holding that the personal jurisdiction over a subsidiary can, in certain circumstances, be "imputed" to a parent company under the Constitution).

Specifically, Storey argues that imputed personal jurisdiction exists over JHIplc and JHNA under an "agency" theory of jurisdiction.[4] That is, Storey argues that there is personal jurisdiction over JHIplc and JHNA *because* there is jurisdiction over JHBP, which is merely "an agent of both [JHIplc and JHNA] and that [a]gency

[4] Agency relationships, the Supreme Court has noted, "may be relevant to the existence of *specific* jurisdiction," but not general jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 135 n.13 (2014). Specific jurisdiction is the realm of agency relationships because "[o]ne may be an agent for some business purposes and not others so that the fact that one may be an agent for one purpose does not make him or her an agent for every purpose . . . . [F]or example, [a subsidiary] might be its parent's agent for claims arising in the place where the subsidiary operates, yet not its agent regarding claims arising elsewhere." *Id.* at 135 (citing 2A C.J.S., Agency § 43, p.367 (2013)).

subjects [them] to Personal Jurisdiction." (Doc. # 45 at 9.) Defendants argue that such an "agency" theory of jurisdiction is "unfounded" and that, under any theory, the evidence from jurisdictional discovery does not support specific personal jurisdiction. (Doc. # 47 at 1.)

In support of his personal jurisdiction argument, Storey relies exclusively on one case from the Eleventh Circuit: *Meier ex rel. Meir v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1272 (11th Cir. 2002); *see also* (Doc. # 48 at 8 ("*Meier* . . . is the only case needed to support the Plaintiff's argument.").) In *Meier*, the Eleventh Circuit held:

> Generally, a foreign parent corporation is not subject to the jurisdiction of a forum state merely because a subsidiary is doing business there. "On the other hand, if the subsidiary is merely an agent through which the parent company conducts business in a particular jurisdiction or its separate corporate status is formal only and without any semblance of individual identity, then the subsidiary's business will be viewed as that of the parent and the latter will be said to be doing business in the jurisdiction through the subsidiary for purposes of asserting personal jurisdiction." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1069.4 (3d ed. 2002) (citations omitted). In order to establish jurisdiction over the Sun Defendants, therefore, Plaintiff must persuade the court that the Florida Subsidiaries are the entities through which the Sun Defendants conduct substantial business activity in Florida.

288 F.3d at 1272 (citations omitted); *see also Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino,* 447 F.3d 1357, 1361 (11th Cir. 2006).

Using this language from *Meier*, Storey argues that JHBP is "merely an agent through which [JHIplc and JHNA] conducts business in a particular jurisdiction"

and its "separate corporate status is formal only." *Id*. *Meier*'s agency idea of jurisdiction has also been referred to by the Eleventh Circuit as "jurisdictional veil piercing." *United States ex rel. Bibby v. Mortg. Invs. Corp.*, 987 F.3d 1340, 1355 (11th Cir. 2021). Based on *Meier*, the court agrees with Storey that the relevant legal test announced by the Eleventh Circuit is whether JHBP is the entity "through which [JHNA and JHIplc] conduct substantial business activity in Alabama."[5] 288 F.3d at 1272. Or, rather, as the Eleventh Circuit has clarified: "[T]he rule from *Meier* is that where the apparent forum contacts of one actor are really the forum contacts of another, it is consistent with due process to impute those contacts for personal jurisdiction purposes." *Bibby*, 987 F.3d at 1355 (interpreting *Meier* and explaining why it is still good law).

So, are the forum contacts of JHBP really the forum contacts of JHNA and/or JHIplc? If so, JHBP's corporate veil is pierced and its forum contacts—which are sufficient to establish specific jurisdiction—are imputed to JHNA and/or JHIplc.

Storey argues that JHBP's forum contacts are really JHNA and JHIplc's because they "essentially [have] total control over [JHBP's] Prattville mill which is the employer at issue in this case." (Doc. # 45 at 2.) In support, Storey references

[5] The court recognizes that the breadth of the *Meier* decision has been under some scrutiny, *see Aronson v. Celebrity Cruises, Inc.,* 30 F. Supp. 3d 1379, 1387 n.1 (S.D. Fla. 2014) (noting that the Supreme Court's decision *in Daimler AG v. Bauman*, 571 U.S. 117 (2014) may undermine a broad application of *Meier*), but, as the Eleventh Circuit recently noted, post-*Daimler* and *Walden*, "*Meier* is binding here." *United States ex rel. Bibby v. Mortg. Invs. Corp.*, 987 F.3d 1340, 1355 (11th Cir. 2021), *cert. denied sub nom. Mortg. Invs. Corp. v. United States ex rel. Bibby*, 141 S. Ct. 2632 (2021).

six facts. First, the companies all bear the "James Hardie" label. Second, JHNA owns 100% of JHBP, and JHIplc, in turn, owns 100% of JHNA, meaning JHIplc is the super parent that actually owns JHBP. Third, JHIplc's Executive Director is the President of JHBP. Fourth, JHBP's website advertises for JHIplc and solicits investments, not for itself, but for JHIplc's stock. Fifth, JHIplc's annual report, which was certified to the Securities Exchange Commission and is housed on JHBP's website, repeatedly references the Prattville Mill, the subject of this suit. And sixth, JHIplc is *not* a hedge fund or holding company that maintains a diverse set of stocks; it owns companies that are only related to James Hardie branded services, all of which engage in the same core business as JHBP.

All of this seemingly leads to the commonsense conclusion that JHBP is, at least in some respects, JHIplc by another name. "If it looks like a duck, swims like a duck, and quacks like a duck, then it probably is a duck." But commonsense is sometimes foreign to complex law, especially when it comes to jurisdiction and the morass of legal fiction that is corporate entity-dom. The issue here is that, on the one hand, Storey presents insufficient evidence to establish that JHBP's parent companies exercise such complete control over it so as to render them one-and-the-same for purposes of imputing general (all-purpose) jurisdiction, and, on the other hand, Storey presents sufficient evidence to establish that there is an agency relationship, meaning that, under certain circumstances, the court's specific jurisdiction over the agent can be imputed to the parent companies. In this case,

however, JHBP's agency relationship does not confer specific jurisdiction to JHNA or JHIplc.

Because establishing personal jurisdiction through an agency relationship sounds in specific jurisdiction, *see Daimler*, 571 U.S. at 135, the court is tasked with determining not whether JHBP has generally been—or is capable of being—an agent of its parent companies, but with whether JHBP *was* an agent in relation to the forum contacts that establish *specific* jurisdiction. Here, those contacts were the employment, harassment, and termination of Storey at JHBP's Prattville mill. It is clear to the court that JHNA and JHIplc *could* have ordered JHBP to terminate Storey from the Prattville mill. But there is nothing in the record to indicate that JHNA or JHIplc actually exerted any control over Storey's employment. "Agencies . . . come in many sizes and shapes." *Id.* A subsidiary may be an agent for one purpose, but not an agent for another purpose. *Id.* Here, there is no evidence that JHBP was acting as its parent companies' agent in its employment relationship with Storey. Accordingly, the court cannot impute JHBP's specific personal-jurisdiction forum contacts to JHIplc, a foreign corporation, or JHNA. *See Bibby*, 987 F.3d at 1355 ("[W]hen a defendant *exerts* a high degree of control over an entity, the contacts created by the entity are, in reality, created by the defendant." (emphasis added)). Similarly, the record does not reflect that JHNA or JHIplc exercise such excessive control over JHBP that they should be considered one-and-the-same or alter egos so as to render JHNA or JHIplc "essentially at home" wherever JHBP is

"essentially at home" for purposes of imputing general jurisdiction (which, again, Storey does not assert). *Daimler*, 571 U.S. at 119.

For the reasons stated above, Defendant JHIplc and JHNA's motions to dismiss for lack of personal jurisdiction will be granted and the claims against them dismissed under Federal Rule of Civil Procedure 12(b)(2).[6]

## V. CONCLUSION

Accordingly, it is ORDERED that:

(1) Defendant James Hardie Building Industries, P.L.C.'s motion to dismiss for lack of personal jurisdiction (Doc. # 15) is GRANTED.

(2) Defendant James Hardie North America, Inc.'s motion to dismiss for lack of personal jurisdiction (Doc. # 16) is GRANTED.

(3) Defendants James Hardie Building Industries, P.L.C. and James Hardie North America, Inc. are DISMISSED without prejudice.

This case is not closed. It proceeds against Defendants James Hardie Building Products, Inc., and Peter Herringer.

DONE this 28th day of September, 2023.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

[6] Notably, Plaintiff opens his briefing in support of personal jurisdiction by stating that the Defendants failed to "produce a single document" during jurisdictional discovery; however, Plaintiff did not assert what facts Defendants failed to produce or how any such facts may alter the analysis. *See* (Doc. # 45.) To the extent that such facts come out during regular discovery against the surviving Defendants, Plaintiff may seek leave to file an amended complaint.